UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NIELI HEBERT | CIVIL ACTION |
| VERSUS | NO. 10-2904 |
| JEFFERSON PARISH SCHOOL BOARD ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**ORDER ON MOTION**

APPEARANCES: None (on the briefs)

MOTION: Plaintiff's Motion for Sanctions, Record Doc. No. 67

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. Fed. R. Civ. P. 37(c)(1) applies to this motion. It provides in pertinent part as follows:
> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>> (B) may inform the jury of the party's failure; and
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Fed. R. Civ. P. 37(c)(1)(A), (B) and (C).

I do not find intentional misconduct or bad faith in these circumstances. At most, defendant's conduct constitutes neglectful failure to comply with its obligation to supplement its disclosures and/or discovery responses "in a timely manner," as required by Fed. R. Civ. P. 26(e)(1)(A). Plaintiff herself, through her own testimony and her cross-examination of the two witnesses whose depositions were postponed pending production of these materials, is in the best position to rebut the poor performance defense purportedly supported by these materials. My previous order, Record Doc. No. 65, required supplementation pursuant to Fed. R. Civ. P. 26(e)(1)(B) before plaintiff's deposition was completed. It also continued and rescheduled the depositions of two defense witnesses until after the disputed materials were produced, so that plaintiff could examine them and meet the defenses purportedly supported

by the documents. Defendant complied with and thereby substantially cured any prejudice to plaintiff caused by the delayed supplementation, except for whatever additional attorney's fees plaintiff incurred in prompting my previous order. Sufficient time before trial remains now for plaintiff to prepare her defenses. Thus, I find that, except for the need to incur <u>some</u> additional attorney's fees, defendant's failure to produce the materials earlier was substantially harmless.

      Plaintiff's request for the draconian sanction of entry of a default judgment is particularly unwarranted under these circumstances. A case dispositive discovery sanction such as imposition of a default judgment, like dismissal, is reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with court orders. <u>See</u> [under Rule 37 as a discovery sanction] Fed. R. Civ. P. 37(b)(2)(A)(v); <u>Doe v. American Airlines</u>, 283 Fed. Appx. 289, 2008 WL 2570789, at *2 (5th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 1003 (2009); <u>Davis v. Auto Club Family Ins. Co.</u>, No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.) (citing <u>Federal Deposit Ins. Corp. v. Conner</u>, 20 F.3d 1376, 1381 (5th Cir. 1994); <u>Equal Employment Opportunity Comm'n v. General Dynamics Corp.</u>, 999 F.2d 113, 119 (5th Cir. 1993); <u>Batson v. Neal Spelce Assocs., Inc.</u>, 765 F.2d 511, 515 (5th Cir. 1985)). Thus, the motion is denied insofar as it seeks entry of a default judgment or non-monetary sanctions of any kind.[1]

      The motion is granted insofar as it seeks an award of <u>some</u> reasonable attorney's fees. Defendant's failure to supplement its document production <u>before</u> plaintiff's deposition clearly necessitated plaintiff to incur some additional attorney's fees by the need for plaintiff's counsel to bring the Rule 26(e) failure to the court's attention, obtain the court's previous order, and reschedule three depositions. These attorney's fees will be reimbursed. Thus, **IT IS ORDERED** that no later than **March 2, 2012**, plaintiff may file a motion to set the amount of her recoverable attorney fees, supported by any necessary affidavit of her counsel and in the manner required by Local Rule 54.2, and noticed for submission under Local Rule 7.2.

New Orleans, Louisiana, this   23rd   day of February, 2012.

                           JOSEPH C. WILKINSON, JR.
                          UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff indicates in her motion papers that some witnesses should be re-deposed. The suggestion is too vague and conclusory to be imposed as a possible sanction and fails to establish who these witnesses might be or why their redeposition might be justified. Fed. R. Civ. P. 30(a)(2)(A)(ii).