UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| NIELI HEBERT | CIVIL ACTION |
|---|---|
| VERSUS | NO. 10-2904 |
| JEFFERSON PARISH SCHOOL BOARD ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTIONS

This is an employment case in which plaintiff, Nieli Hebert, alleges that defendants, the Jefferson Parish School Board, Ira Wilson and Lauren Brown, subjected her to retaliation and discrimination and a hostile work environment based on her race. Four motions are pending before me: (1) Plaintiff's Motion for Reconsideration of the Court's Order on Motion Entered February 23, 2012 and for Other Discovery Relief, Record Doc. No. 80; (2) Plaintiff's Motion for Attorney's Fees, Record Doc. No. 85; (3) Plaintiff's Motion to Continue Trial Date, Record Doc. No. 86; and (4) Defendant's Motion for Summary Judgment, Record Doc. No. 90. Timely memoranda in opposition to all four motions were filed. Record Doc. Nos. 87, 98, 99 and 103. Plaintiff was granted leave to file a reply memorandum as to her motion for reconsideration. Record Doc. Nos. 94, 96, 97. In addition, oral argument concerning the motions was conducted on March 21, 2012.

Having considered the written submissions of the parties, the oral argument of counsel, the record and the applicable law, the motions are determined as follows.

I. PLAINTIFF'S MOTION FOR RECONSIDERATION

The motion is denied to the extent that it seeks reconsideration of the sanctions or other relief requested in plaintiff's original motion or addressed in my previous order. Record Doc. No. 79. However, I now find that defendants' dilatory conduct in failing timely to supplement their disclosures and/or document production could not adequately be remedied within the time constraints of the existing scheduling order or by the discovery that was provided at that time. Counsel made it clear during oral argument that the requested additional discovery relates to an issue important to the claims and defenses of <u>both</u> sides. Thus, to the extent that the motion for "reconsideration" seeks other relief in the form of additional depositions and document discovery – relief that was not requested in plaintiff's original motion – it is granted, and Hebert will be permitted to conduct the following additional discovery, which I find is necessitated by defendants' dilatory discovery conduct.

**IT IS ORDERED** that, no later than **March 23, 2012**, Hebert must provide defendants with (a) a list of the employees for whom she seeks attendance records, and (b) a list of five (5) West Bank middle schools for which she seeks audit reports.

**IT IS FURTHER ORDERED** that, no later than **April 23, 2012**, defendants must produce to plaintiff (a) the computer and calendar reports of the type reflected in Bates Nos. 500 and 501 for all employees identified by Hebert, and (b) the audit reports for the five (5) West Bank middle schools identified by plaintiff for the school years 2007-08,

2008-09, and 2009-10. If defendants no longer have any of these materials in their possession, custody or control, they must provide plaintiff with a sworn statement clearly saying so.

**IT IS FURTHER ORDERED** that counsel must confer as soon as possible and amicably schedule the depositions of Bennie Thomassie, Jr., Diane Scafani, Carolyn Van Norman, and Principal Wilson, all of which must be conducted after production of the materials described above and completed no later than **June 1, 2012**.

**IT IS FURTHER ORDERED** that Principal Wilson's deposition is limited to (a) testimony concerning the materials to be produced in response to this order and the subject matter contained in those materials, and (b) no more than 90 minutes.

As to any other discovery, the deadline has lapsed and no further discovery may be conducted.

II.   PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Hebert requests an award of $4,550.00 as the amount of attorney's fees to be awarded for defendants' failure to supplement their disclosures and/or discovery responses in a timely manner, as found in my previous discovery order. Record Doc. No. 79. Awarding reasonable attorney's fees is a two-step process that begins with determination of the "lodestar" amount.

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance

the lodestar based on the relative weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)). The Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19. "The lodestar . . . is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 459 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Heidtman, 171 F.3d at 1043.

First, I must determine whether the hourly rate requested by plaintiff's counsel is reasonable. For the following reasons, I find that the rate of $350 per hour requested by plaintiffs' attorney is too high for the New Orleans legal market for a lawyer with his qualifications and experience in employment litigation of this type.

An attorney's requested hourly rate is prima facie reasonable when the attorney requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested. La. Power &

Light Co. v. Kellstrom, 50 F.3d 319, 328 (5th Cir. 1995). In the instant case, however, defendants contest the requested hourly rate, and plaintiff's evidence does not establish that her counsel is charging her at the requested hourly rate. Hebert's counsel is well-known to this court as a competent and skillful lawyer representing plaintiffs in employment cases. However, he has practiced law for 18 years, and neither my research nor anything cited by plaintiff establishes that an hourly rate of $350 per hour has ever been awarded in an employment case in this court to a lawyer with 18 years of experience. See Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008), panel opin. vacated by grant of reh'g en banc, 562 F.3d 711 (5th Cir.), dist. ct. aff'd on reh'g en banc, 578 F.3d 293 (5th Cir. 2009) (approving hourly rates of $202 to $312 for experienced attorneys "at the upper range of what was reasonable in the" Eastern District of Louisiana); Cedotal v. Whitney Nat'l Bank, No. 94-01397, 2010 WL 5582989, at *13 (E.D. La. Nov. 10, 2010) (Chasez, M.J.), report & recommendation adopted as modified,[1] 2011 WL 127157 (E.D. La. Jan. 14, 2011) (Lemmon, J.) (awarding hourly rates of $315 for senior partners, $250 for junior partners and $150 for associates in 15-year-long ERISA litigation, based on current reasonable rate awards in this district); Hebert v. Rodriguez, No. 08-5240, 2010 WL 2360718, at *2 (E.D. La. June 8, 2010) (Barbier, J.), aff'd, 430 F. App'x 253 (5th Cir. 2011) (awarding $300 per hour to "seasoned civil rights

---

[1] The magistrate judge's report and recommendation was modified slightly to adjust the hours, but not the hourly rates.

attorney with over 33 years of experience"); Braud v. Transp. Serv. Co., No. 05-1898, 2010 WL 3283398, at *15 (E.D. La. Aug. 17, 2010) (Knowles, M.J.) (hourly rates of $200 for attorney with 30 years of experience "are within the low end of the range of the market rate in this area and . . . are reasonable"); Combe v. Life Ins. Co., No. 06-8909, 2008 WL 544547, at *3 (E.D. La. Feb. 27, 2008) (Livaudais, J.) (awarding $250 per hour for attorneys who had practiced for more than 20 years in the relevant legal field).

Therefore, based on the memoranda and affidavits of counsel; my experience in this court in reviewing and evaluating numerous requests for awards of attorney's fees; my personal knowledge of the qualifications, reputations and skills of the attorney involved; and my knowledge of customary billing rates and attorneys' fee awards in this district, I find that an hourly rate of $295 is a reasonable rate in this instance.

Next, I must determine whether the number of hours spent by plaintiff's counsel was reasonable. My previous order, Record Doc. No. 79, granted Hebert an award of sanctions in the amount of her attorney's fees incurred as a result of defendants' dilatory discovery conduct. In addition, reasonable attorney's fees incurred in preparing the instant motion and others necessitated by defendants' conduct are awardable. Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996); Cruz v. Hauck, 762 F.2d 1230, 1233-35 (5th Cir. 1985); Lewallen v. City of Beaumont, No. 1:05-CV-733-THE, 2009 WL 2175637, at *8 (E.D. Tex. July 20, 2009), aff'd, 394 F. App'x 38 (5th Cir. 2010);

6

Chaparral Tex., L.P. v. W. Dale Morris, Inc., No. H-06-2468, 2009 WL 455282, at *12 n.5 (S.D. Tex. Feb. 23, 2009).

I have reviewed the affidavit of plaintiff's counsel. I find that his requested 3.50 hours spent in reviewing the 1,200 documents that were untimely produced by defendants are not compensable. This is work that counsel would necessarily have done regardless when the documents were produced. In addition, part of the 1.75 hours described in the fourth paragraph of the "Activity" section on page 2 of counsel's affidavit is attributable to review of some of these same documents. Thus, I will deduct one (1) hour of the 1.75 hours attributable to this task. However, I find that all remaining hours described in counsel's affidavit were reasonably expended and attributable to defendants' dilatory discovery conduct and should be compensated as part of defendants' sanction.

After deducting 4.50 hours from the requested hours, the lodestar amount is $2,507.50 (8.50 hours multiplied by the reasonable hourly rate of $295). Plaintiff does not seek any enhancement of the lodestar amount. I find that the lodestar amount is reasonable and requires no adjustment by any of the Johnson factors. Accordingly, **IT IS ORDERED** that defendants must pay to plaintiff $2,507.50 in reasonable attorney's fees.

III.     PLAINTIFF'S MOTION TO CONTINUE TRIAL

Motions to continue trial are directed to the broad discretion of the court. Clinton v. Jones, 520 U.S. 681, 706-07 (1997); In re FEMA Trailer Formaldahyde [sic] Prods. Liab. Litig., 628 F.3d 157, 161 (5th Cir. 2010) (citing U.S. v. Stalnaker, 571 F.3d 428, 439 (5th Cir. 2009); U.S. v. German, 486 F.3d 849, 854 (5th Cir. 2007); Streber v. Hunter, 221 F.3d 701, 736 (5th Cir. 2000)). In making this decision, the court looks to the totality of the circumstances, including such factors as the amount of time available, the moving party's role in shortening the time needed, the likelihood of prejudice from denial of the motion, the facts of the particular case, the complexity of the case, and all of the demands on counsel's time and the court's. Stalnaker, 571 F.3d at 439; Streber, 221 F.3d at 736 (citing HC Gun & Knife Shows, Inc. v. City of Houston, 201 F.3d 544, 549-50 (5th Cir. 2000)).

In addition, a trial date set in a Rule 16 scheduling order, as in this case, Record Doc. No. 64, may be modified only upon a showing of "good cause," Fed. R. Civ. P. 16(b)(4), involving the evaluation of four factors; i.e., the explanation for the requested extension, its importance, prejudice resulting to the opposing party, and the availability of a continuance to cure the prejudice. Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003); S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003).

As noted above, I find that Hebert's request for an extended opportunity to conduct some additional discovery was necessitated by defendants' dilatory discovery responses and the scope of their late response. It now appears that the issues as to which this discovery is directed are among the most important issues in this case – for both sides. Defendants' dilatory discovery conduct is the cause of this situation. My previous efforts to address the conduct were not adequate and plaintiff would be unduly prejudiced if pressed to trial on the current schedule without the discovery I have allowed above. Accordingly, evaluation of the foregoing factors establishes "good cause" under Rule 16 and weighs in favor of granting a continuance as follows:

The deadline for completion of discovery is extended, but only as provided and for the limited purposes set out above. No other discovery is permitted.

The final pretrial conference will be conducted before me on **September 6, 2012 at 10:00 a.m.** Counsel must be prepared as required in the court's previously entered Pretrial Notice. Record Doc. No. 39.

Jury trial will commence on **September 24, 2012 at 8:30 a.m.** before the magistrate judge.

All other previously set deadlines have lapsed and are not continued by this order. All parties are encouraged to address settlement during the June to August 2012 time period, either through private mediation or a court-conducted settlement conference.

IV.     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 was revised to "take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order of the Supreme Court of the United States (Apr. 28, 2010), www.supremecourt.gov/orders/courtorders/frcv10.pdf. Because "the standard for granting summary judgment remains unchanged" by the revision, Federal Civil Judicial Procedure and Rules, 2010 Amendments Advisory Committee Notes, at 260 (West 2011 rev. ed. pamph.) (hereafter "Advisory Committee Notes"), I find it just and practicable to apply the revised Rule 56 in this proceeding.

The moving party bears the initial burden of identifying those materials in the record that it believes demonstrate the absence of a genuinely disputed material fact, but it is not required to negate elements of the nonmoving party's case. Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible

evidence to carry its burden as to [a particular material] fact." Advisory Committee Notes, at 261.

No genuine dispute of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994). To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must cite to particular evidence in the record to support the essential elements of its claim. Id. (citing Celotex, 477 U.S. at 321-23).

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

In this case, defendants seek entry of summary judgment in their favor based principally on the following arguments: (1) Hebert cannot enlarge her claims in this lawsuit beyond what she alleged in her EEOC charge. (2) She cannot establish a prima facie case of race discrimination. (3) The "harassment" that she alleges is insufficiently severe, pervasive or extensive as a matter of law to establish either the hostile work environment component of her case or adverse employment action, in part because "[t]he credibility of Plaintiff's claim . . . is undermined by the contradictions between her sole witness and Plaintiff's written statement." Record Doc. No. 90 at p. 2 and 90-1 at p. 2. (4) Hebert was <u>not</u> terminated from her employment, but instead was transferred to another school, which is insufficient as a matter of law to establish the requisite adverse employment action. I find that the summary judgment record does <u>not</u> establish a set of undisputed material facts on which it can be concluded that defendants are entitled to judgment as a matter of law on any of these grounds.

Defendants' argument that Hebert's claims somehow exceed the scope of her EEOC charge is unavailing and relies on an excessively restrictive reading of both the applicable law and the allegations of plaintiff's EEOC charge. A Title VII complaint in federal court may permissibly extend "to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. The scope of the inquiry is not . . . limited to the exact charge brought to the EEOC. EEOC charges are to be given a liberal construction, especially those authored by unlawyered

complainants." McDonald v. S. Diversified Indus., Inc., No. 1:02CV186-D-D, 2003 WL 22244321, at *3 (N.D. Miss. Aug. 5, 2003) (citing Thomas v. Tex. Dep't of Crim. Justice, 220 F.3d 389, 395 (5th Cir. 2000); Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990); Fellows v. Universal Restaurants, Inc., 701 F.2d 447, 451 (5th Cir. 1983)). Hebert's claims in this case could reasonably be expected to grow out of her EEOC charge.

As to her claims of race discrimination and hostile work environment, Hebert has produced competent summary judgment evidence of numerous comments and other actions by defendants from which a factfinder could reasonably conclude that she was subjected to a severely hostile work environment motivated by racial animus, which, coupled with an unwanted transfer to a less desirable work locale, resulted in adverse employment action.

> "To establish a prima facie case of hostile work environment, a plaintiff must show: (1) that [s]he belongs to a protected group; (2) [s]he was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the defendant knew or should have known of the harassment, yet failed to take prompt remedial action." Watkins v. Texas Dept. of Criminal Justice, 269 Fed. Appx. 457, 463 (5th Cir. 2008). Where, as here, the harassment is allegedly committed by a supervisor with immediate or successive authority over the victim, the plaintiff need only satisfy the first four elements. Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 353 (5th Cir. 2001) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998)).
> 
> Fifth Circuit precedent makes it clear that subjective belief of racial motivation cannot import racial animus into an individual's conduct, and,

13

> without objective evidence, is insufficient to create a prima facie claim for a hostile work environment under Title VII. See, e.g., Lyles v. Texas Alcohol Beverage Com'n, No. 09-20714, 379 Fed. Appx. 380, 384-85, 2010 WL 2103006, at *4 (5th Cir. May 24, 2010); Cavalier v. Clearlake Rehab. Hosp., Inc., 306 Fed. Appx. 104, 107 (5th Cir. 2009); Johnson v. TCB Const. Co., Inc., 334 Fed. Appx. 666, 671 (5th Cir. 2009); Garza v. Laredo Indep. Sch. Dist., 309 Fed. Appx. 806, 809 (5th Cir. 2009); Baker v. FedEx Ground Package Sys., Inc., 278 Fed. Appx. 322, 329 (5th Cir. 2008); Watkins, 269 Fed. Appx. at 464; Ellis v. Principi, 246 Fed. Appx. 867, 871 (5th Cir. 2007); Harris-Childs v. Medco Health Solutions, Inc., 169 Fed. Appx. 913, 917 (5th Cir. 2006).
>
> Additionally, "[f]or harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Watkins, 269 Fed. Appx. at 464 (internal quotation *746 marks and citation omitted). In determining whether a workplace constitutes a hostile work environment, courts must consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance," Harris, 510 U.S. at 23, 114 S. Ct. 367[.]

Montgomery v. Sears Roebuck & Co., 720 F. Supp. 2d 738, 745-46 (W.D. La. 2010) (James, J.). The summary judgment record establishes triable issues of material fact as to these factors.

Similarly, plaintiff's testimony that she made several complaints to management creates a triable issue of material fact as to her engagement in protected activity sufficient to meet this prong of her prima facie case of retaliation. "An employee's informal complaint to an employer may constitute participation in a protected activity." Williams v. Racetrac Petroleum, Inc., No. 09-141-SCR, 2010 WL 2035728, at *2 (M.D. La. May 20, 2010) (citing Burlington N., 548 U.S. at 58); Cavazos v. Springer, No. B-06-058,

14

2008 WL 2967066, at *7 (S.D. Tex. Aug. 8, 2008)); accord Clark v. Chickasaw County, No. 1:09CV192-SA-JAD, 2010 WL 3724301, at *6-7 (N.D. Miss. Sept. 16, 2010); Huffman v. City of Conroe, No. H-07-1964, 2009 WL 361413, at *10 (S.D. Tex. Feb. 11, 2009) (citing Broderick v. Donaldson, 437 F.3d 1226, 1232 (D.C. Cir. 2006); Curay-Cramer v. Ursuline Academy of Wilmington, Del., Inc., 450 F.3d 130, 135 (3d Cir. 2006); Fierros v. Tex. Dep't of Health, 274 F.3d 187, 194 (5th Cir. 2001); Matima v. Celli, 228 F.3d 68, 78-79 (2d Cir. 2000)).

Defendants' credibility argument in regard to plaintiff's testimony is particularly troubling in terms of considering their request for entry of summary judgment. "Whether [plaintiff's] allegations are too vague [or otherwise insufficient] to ultimately carry the day is a credibility determination, or requires weighing the evidence, both of which are more appropriately done by the trier of fact." Harvill v. Westward Commc'ns, L.L.C., 433 F.3d 428, 436 (5th Cir. 2005) (citing Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000); Torres v. Pisano, 116 F.3d 625, 631 (2d Cir. 1997)); see also Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [when] ruling on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."); Hebert v. Rodriguez, 430 F. App'x 253, 255 (5th Cir. 2011) (quotations omitted) ("The determination of a witness's credibility lies at the core of a jury's factfinding

15

function and is not the province of judges."); Deville v. Marcantel, 567 F.3d 156, 165 (5th Cir. 2009) (quotation omitted) ("Summary judgment is not appropriate when questions about the credibility of key witnesses loom . . . large . . .").

Finally, the fact that plaintiff's employment was not terminated is not alone sufficient to find that she suffered no adverse employment action, as defined by the United States Supreme Court, particularly as to her retaliation claim.

> In Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006), the Court held: in order to prove an adverse employment action, a plaintiff need not show the employer made an "ultimate employment decision"; instead "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination". Id. at 68 (internal citations and quotation marks omitted, emphasis added). This decision abrogated our court's previous approach, which required showing an "ultimate employment decision", such as "hiring, granting leave, discharging, promoting, and compensating" to establish a prima facie retaliation claim. See Aryain [v. Wal–Mart Stores Texas LP, 534 F.3d 473,] 484 n.9 [(5th Cir. 2008)]; see also Mattern v. Eastman Kodak Co., 104 F.3d 702, 707 (5th Cir. 1997). The district court failed, however, to apply Burlington Northern.
> 
> While Burlington Northern, of course, established a less demanding standard for judging whether conduct is actionable as retaliation, the Court noted: "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience". Burlington N., 548 U.S. at 68. Rather, prohibited employer actions are those "that are likely to deter victims of discrimination from complaining to the EEOC, the courts, and their employers". Id. (internal quotation marks and citation omitted).

Donaldson v. CDB Inc., 335 F. App'x 494, 506 (5th Cir. 2009).

16

Therefore, questions of material fact remain in dispute whether, in the totality of the circumstances that plaintiff has described in the evidence submitted in connection with defendant's motion, the alleged harassment was based on racial animus and was sufficiently severe or pervasive to have affected the terms and conditions of her employment, including her unwanted transfer to another school, in such a way as to constitute actionable adverse employment action. For all of the foregoing reasons, the motion for summary judgment is DENIED.

New Orleans, Louisiana, this ___21st___ day of March, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE